**Elizabeth T. MAGLIULO for herself and others similarly situated, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY and Metlife Choice Plan, Defendants.**

No. 01 Civ. 8599(LMM).

United States District Court,
S.D. New York.

Jan. 30, 2002.

**56**

Richard B. Brualdi, New York City, for plaintiff.

*MEMORANDUM AND ORDER*

McKENNA, District Judge.

Plaintiff Elizabeth T. Magliulo ("Magliulo") brings this class action to secure certain retirement welfare benefits for herself and other participants in defendant Metropolitan Life Insurance Company's ("Metropolitan") MetLife Choices Health Plan (the "Plan"), maintained pursuant to the Employee Retirement Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001 *et seq.* Specifically, plaintiff seeks on behalf of herself and other similarly situated Medicare eligible Plan participants to (1) recover medical insurance premiums paid by them in excess of those required under the Plan for persons on Medicare, (2) enjoin Metropolitan from charging these excess premiums, and (3) direct Metropolitan to respond to such future claims in the manner and within the time period provided under ERISA. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendants' motion is denied.

## STATEMENT OF FACTS

Upon plaintiff's retirement from her job at Metropolitan in 1994, she decided to purchase medical insurance through the Plan for herself and her husband. The welfare benefits that the Plan provides are stated in a "Governing Plan Document" as required by ERISA. (Compl. ¶ 8.) Plaintiff does not a have a copy of this document, but possesses a Summary Plan Description ("SPD") which discusses the relevant provisions of the Plan. (Compl. ¶ 8; Compl. Ex. 1.) According to plaintiff, under the terms of the Plan, participants and their dependants who receive Medicare pay a reduced premium for their medical insurance because Medicare coverage makes the medical insurance provided under the Plan secondary, or supplemental insurance, thus lessening the cost of individual coverage. (Compl. Ex. 1 at 7; Compl. Ex. 2 at 2.) Plaintiff began to receive Medicare on August 1, 1997, and as a result, received medical insurance at a reduced premium through December 31, 2000. (Compl. ¶¶ 13–14.)

In January 2001, Metropolitan notified plaintiff that she would be charged the full non-Medicare eligible premium for her medical insurance. (Compl. ¶ 16.) The 2001 confirmation form plaintiff received from Metropolitan did not note plaintiff's Medicare eligibility. (*Id.*) Plaintiff alerted Metropolitan to this error through numerous phone calls and letters. (*Id.* ¶¶ 17–21.) When plaintiff initially contacted defendants' customer service representative she was told that her records would be corrected. (*Id.* ¶ 17.) However, plaintiff continued to be charged the higher premium, which was automatically subtracted from her monthly benefit check. (*Id.* ¶¶ 17–19.)

Plaintiff filed the class action complaint on September 24, 2001. In December 2001, Metropolitan refunded plaintiff's excess premium payments, but plaintiff has not yet received payments of the interest from the time defendants improperly kept the overcharged premiums. (Pl.'s Mem. in Opp'n at 23 n. 9.)

### LEGAL STANDARD

Under Rule 12(b)(6) a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The Court must read the complaint generously accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993). A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### DISCUSSION

#### 1.

Plaintiff brings this action under Sections 502(a)(1)(B) and (a)(3) of ERISA. Section 502(a)(1)(B) provides that a participant may bring an action:

> to recover benefits due to him under the terms of the plan, to enforce his rights

under the terms of the plan, or to clarify his future benefits under the terms of the plan.

29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

Defendants argue that plaintiff's complaint fails to state a claim under this section because an insurance premium is not a "benefit" of an insurance plan. According to defendants, plaintiff has received all of the "benefits" of the Plan because her medical, dental, life insurance, and spousal life coverage have been unaffected by the premium charges. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 9.) Defendants argue that the Plan does not identify a particular premium as a Plan benefit, while plaintiff asserts that the premium level is an explicit benefit of the Plan. (Compl. ¶ 2.) However, even if Metropolitan is correct that this benefit is nowhere stated in the Plan, the Second Circuit recently recognized, without resolving the issue, that benefits implicitly due under a plan may be recoverable under ERISA. *Dunnigan v. Metropolitan Life Insurance*, 277 F.3d 223, 230–31 (2d Cir.2002) ("[I]t seems difficult to justify a distinction that would make an explicitly stated right recoverable while an implicit right was not. A benefit implicitly due under the terms of a plan would seem to be a 'benefit due ... under the terms of the plan.'"). Therefore, even if plaintiff cannot persuasively point to specific language in the Plan recognizing that a premium is a benefit, she still has the right to proceed with her claim.

■ This Court finds that the benefit due from plaintiff's insurance plan is to receive health coverage for a certain price. Since plaintiff has been overcharged for her coverage, she has not received full benefits. Unlike in *Pompano v. Michael Schiavone & Sons, Inc.*, cited by defendants, where the plaintiff challenged the distribution of a fixed allotment of benefits, the plaintiff in this case is paying an increased amount for a fixed coverage plan, and therefore is not receiving her "rightful due." 680 F.2d 911, 915 (2d Cir.1982). Therefore, her claim may proceed.

■ ERISA also provides that a participant may bring an action "to enforce his

rights under the terms of the plan." "A claim under [section 502(a)(1)(B)], in essence, is the assertion of a contractual right under a benefit plan." *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142 (2d Cir.1999) (citing *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir.1992)). Plaintiff has stated a claim under this clause of the ERISA statute as well, because plaintiff alleges that the premium contribution rate is a "Plan term"—the terms of the Plan provide for the payment of a reduced premium for participants receiving Medicare and plaintiff had a right to this premium. Plaintiff comes forward with evidence to show that such a right exists. The SPD, which is required to be given to all participants, and "must be sufficiently accurate and comprehensive to apprise such participants and beneficiaries of their rights and obligations under the plan," *Layaou v. Xerox Corp.*, 238 F.3d 205, 209 (2d Cir.2001), states:

> The amount the Company contributes on your behalf depends upon your age, your length of Company service and your Medicare eligibility status (and that of your covered dependants).

(Compl. ¶ 10 & Compl. Ex. 1 at 2–3.)

The SPD also states, "Remember, if you are Medicare-eligible: Medicare is the primary coverage and the MetLife Choices Health Plan becomes the secondary coverage." (Compl. ¶ 11 & Compl. Ex. 1 at 7.) The "2001 MetLife Choices Personal Worksheet" form states, "[i]f you add a dependant who is Medicare Eligible, your actual cost [for medical insurance] may be lower than those indicated on this Worksheet." (Compl. ¶ 11 & Compl. Ex. 2 at 2.)

■ Since this Court finds both that the reduced premium was a benefit under the Plan and that plaintiff has a contractual right under the Plan to a reduced premium, plain-

tiff may bring an action pursuant to Section 502(a)(1)(B) of ERISA.[1]

**2.**

■ Plaintiff also seeks equitable relief under Section 502(a)(3) of ERISA directing Metropolitan to respond to future claims by Plan participants for reduced premiums due to Medicare status within the time period required by § 503. Section 503 details "claims procedure" requirements, including that every employee benefit plan shall:

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. Since this Court has found that plaintiff has stated a claim under Section 502(a)(1)(B) to recover benefits due to her under the terms of the plan, and Section 503 provides a procedure requiring notice and fair review upon the denial of such benefits, this claim for equitable relief may go forward as well.

**3.**

■ A court should resolve issues of class certification "[a]s soon as practicable after the commencement of an action." Federal Rule of Civil Procedure 23(c)(1). Class action determinations are to be based solely on the facts alleged in the complaint; an inquiry into the claims' merits is not required. *Civic Ass'n of Deaf of New York City, Inc. v. Giuliani*, 915 F.Supp. 622, 632 (S.D.N.Y.1996). The only prerequisite is that the requirements of Rule 23 are satis-

---

1. Plaintiff argues in the alternative that she has a claim for equitable relief under Section 502(a)(3). Since the Court finds that plaintiff can proceed under 502(a)(1)(B), there is no need to address this part of the statute at this time except to note that plaintiff only seeks to be made whole. This suggests that the relief sought is equitable within the meaning of Section 502(a)(3)(B) of ERISA. *Strom*, 202 F.3d at 147–

48. Section 502(a)(3) "acts[s] as a safety net, offering appropriate equitable relief for injuries caused by [ERISA] violations that § 502 does not elsewhere adequately remedy." *Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 89 (2d Cir.2001) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)).

fied, and a court must undertake a "rigorous analysis" to ensure this. *Id.* (citing *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).

The first prerequisite to a class action is that "the class is so numerous that joinder of all members is impracticable." Federal Rule of Civil Procedure 23(a)(1). Plaintiff alleges that she "does not know the exact number or identity of the members of the class, but such information can be determined from Defendant's records." (Compl. ¶ 33.) The Complaint alleges that the number is in the thousands and that joinder of the numerous members of the class would be impracticable. *(Id.)* Defendants argue that plaintiff has not sufficiently alleged numerosity because plaintiff fails to allege any other instances where a Medicare-eligible participant was incorrectly charged a full premium. (Def.'s Mem. in Supp. of Mot. to Dismiss at 5.) However, exact class size or identity of class members is not necessary to satisfy the numerosity requirement. *Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir.1993). In this case, defendants have the means to identify which participants were incorrectly charged premiums. Since plaintiff has also sufficiently alleged typicality, commonality, and adequate representation, she has met her burden at this stage, and defendants' motion to dismiss plaintiff's class action request is denied. Plaintiff may conduct discovery as to the number and identity of similarly situated persons prior to filing a motion for class certification.

## CONCLUSION

For the foregoing reasons, plaintiff has stated a claim pursuant to ERISA §§ 502(a)(1)(B) and 502(a)(3) for alleged Plan violations and for alleged claim review violations under § 503. Defendants' motion to dismiss is denied.

SO ORDERED.